# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| ANTHONY T. SCOTT | CIVIL ACTION NO. 3:11-cv-2145 |
|     LA. DOC #518870 | |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| BURL CAIN, WARDEN | MAGISTRATE JUDGE KAREN L. HAYES |

### SUPPLEMENTAL REPORT AND RECOMMENDATION

*Pro se* petitioner Anthony T. Scott filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on December 12, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Louisiana State Penitentiary, Angola. Petitioner attacks his 2007 convictions for second degree murder, aggravated burglary, and armed robbery and the consecutive sentences of life and 30 years imposed by the Fourth Judicial District Court, Ouachita Parish.  This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

For the following reasons, the Report of June 6, 2012 [Doc. 8] recommending dismissal pursuant to FRCP Rule 41 is hereby **RESCINDED** and, it is recommended instead that the petition for writ of *habeas corpus* be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

Petitioner was indicted by the Ouachita Parish Grand Jury and charged with first degree murder, aggravated burglary, and armed robbery. The Bill of Indictment was later amended to

charge specific intent second degree murder, aggravated burglary, and armed robbery.  Petitioner

was found guilty as charged and sentenced to life imprisonment on the murder conviction; he

was sentenced to serve concurrent sentences of 20 years for the aggravated burglary and 30 years

for the armed robbery but these sentences were made consecutive to the life sentence.

Petitioner appealed his murder conviction and the sentences imposed on all three

convictions raising claims of (1) insufficiency of the evidence to establish specific intent to kill

or inflict great bodily harm; and, (2) the unjustified imposition of consecutive sentences. [Doc. 9,

pp. 4-13 (Appeal Brief)] On December 19, 2007, the Second Circuit Court of Appeals affirmed

his conviction and sentences and provided notice of judgment on that same date. *State of

Louisiana v. Anthony T. Scott*, 42,871 (La. App. 2 Cir. 12/19/2007), 973 So.2d 927; see also Doc.

1-1, p. 10; Doc. 9, pp. 22-31.

On January 22, 2008 – more than 30 days after the Court of Appeals sent judgment and

notice of judgment to petitioner's attorney –  petitioner filed a *pro se* application for writs in the

Louisiana Supreme Court.[1] [Doc. 9, pp. 33-34 (Inmate Request for Legal Mail and Withdrawal of

_____

[1] Louisiana Supreme Court Rule X, §5(a) provides a 30 day period, reckoned from the date that the court of appeals mailed notice of judgment, within which to file an application seeking review of the appeals court judgment. Petitioner has offered two different explanations for the tardiness of his writ application.  In the writ application prepared by "inmate counsel," the following was alleged: "The appellate counsel advised the defendant in a letter dated 12/27/07 that the action by the appellate court in denying defendant relief ends the appellate counsel's work in this case. The defendant received a copy of his ruling and judgment from his appellate counsel on or about 1/8/08 and gave it to the inmate counsel to prepare a response on the same date. While inmate counsel was in the process of preparing a response to the defendants judgment of denial of relief the Law Library where the Inmate Counsel works was searched b the prison correctional officers. The copy of the direct appeal brief was on the Inmate Counsel's desk. The document was lost or destroyed during the search by the correctional officers. The defendant is currently requesting another copy of the appellate brief to submit as an exhibit, and request that he shall be allowed to supplement the record with a copy when it is made available. The lost document is beyond the control of the defendant and should meet the state created

Funds for postage dated 1/22/2008); pp. 35-46 (writ application)]  On November 10, 2008 the Supreme Court denied writs without comment. *State of Louisiana ex rel. Anthony T. Scott v. State of Louisiana*, 2008-0350 (La. 11/10/2008), 996 So.2d 1060. [Doc. 9, p. 48]

On October 13, 2009, petitioner filed a "Skeleton/Cell Brief" application for post-conviction relief in the Fourth Judicial District Court. [Doc. 9, pp. 49-54] On some later date petitioner apparently filed another pleading raising claims of ineffective assistance of counsel and requesting a copy of the trial transcript to support his claims. [Doc. 9, pp. 62-77] On November 9, 2009, the State objected to the application on various procedural grounds. [Doc. 9, pp. 55-56] On November 30, 2009, the application and request for documents was denied by the District Court. [Doc. 9, pp. 57-61]

On April 29, 2010, petitioner's application for writs was filed in the Second Circuit Court of Appeal under Docket Number 45,712-KH. Petitioner apparently raised only a single claim – that he was denied free copies of the trial transcripts.  Further, in the pleading, petitioner conceded that he "... is unable to demonstrate a 'particularized need' because he is indigent and has no knowledge of the law." [Doc. 9, pp. 79-83] On June 24, 2010, the Second Circuit sent judgment and notice of judgment to petitioner. The Court ordered the district court to furnish petitioner with a free copy of the transcript of the voir dire but otherwise denied writs. [Doc. 1-1,

---

impediment exception." [Doc. 9, p. 40]

In the Objection filed on June 25, 2012, petitioner provided a different factual scenario stating, "The Appeals Court denied petitioner's appeal on December 19, 2007, but [petitioner] did not receive notice of the judgment until January 20, 2008, of the court's judgment via appellate counsel. Well after the time for filing in La. Supreme Court, which is 30 days... Scott's appellate attorney was [negligent] in failing to notify petitioner of the appellate court ruling in a timely manner.  Once Scott discovered that his appellate counsel [was negligent] [h]e sought inmate-counsel substitution to properly file his state post-conviction application..." [Doc. 9, pp. 2-3]

p. 11; Doc. 9, pp. 84-86]

Thereafter petitioner filed a writ application in the Louisiana Supreme Court on October 20, 2010. The application was assigned Docket Number 2010-KH-2399. [Doc. 1-1, p. 12] It was denied on October 7, 2011. The published writ denial references a judgment of the Second Circuit under Docket Number 46,001-KH and cites *State ex rel. Bernard v. Cr.D.C*, 94–2247, p. 1 (La.4/28/95), 653 So.2d 1174, 1175 as authority for the writ denial.  In *Bernard*, the Louisiana Supreme Court held that indigent inmates were entitled to various court related documents, but transcripts could be provided at no cost only if the inmate established a particularized need. [Doc. 1-1, p. 12; *State of Louisiana ex rel. Anthony T. Scott v. State of Louisiana*, 2010-2399, (La. 10/7/2011), 71 So.3d 303] It thus appears that petitioner presented the Supreme Court with his claim concerning his entitlement to a free trial transcript but that he did not present his claims of ineffective assistance of counsel.

Petitioner signed his *habeas* petition on November 30, 2011 [Doc. 1, p. 8]; he mailed the pleading on December 8, 2011 [Doc. 1, p. 10]; and it was received and filed on December 12, 2011. He argues the following claims (1) insufficiency of the evidence to establish specific intent to kill or inflict great bodily harm; and, (2) petitioner has been denied a free copy of the court records and transcripts and (3) ineffective assistance of counsel based on counsel's (a) failure to object to suggestive identification testimony; (b) failure to object to the insufficiency of the evidence; (c) failure to object to the imposition of consecutive sentences; (d) failure to object to the state's use of peremptory challenges without providing a racially neutral reason; (e) failure to object to or challenge prior convictions on the basis that they were obtained via guilty pleas without proof that such pleas were voluntary; and, (f) failure to subpoena alibi witnesses.[Docs. 1

4

and 1-1]

On March 12, 2012, petitioner was ordered to amend his petition on or before April 21, 2012, and to provide additional exhibits or allegations. [Doc. 7] Petitioner did not respond to the Memorandum Order and on June 6, 2012, the undersigned recommended dismissal of the petition pursuant to FRCP Rule 41. [Doc. 8]

On June 25, 2012, petitioner objected to the Report and Recommendation and provided some, but not all of the information and exhibits previously requested. [Doc. 9]

***Law and Analysis***

***1. Limitations – 28 U.S.C. §2244(d)(1)(A)***

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are  in custody pursuant to the judgment of a State court.  This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields*

---

[2] While petitioner implies that State created impediments prevented the filing of this petition, the facts alleged do not establish such a claim. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.  Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

*v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However, any lapse of

time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted

against the one-year limitation period  [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir.

1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the

limitations period is tolled only for as long as the state application remains pending in the state's

courts.  *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007).  Federal courts may raise the one-

year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

       Petitioner appealed his conviction to the Second Circuit Court of Appeals. On March 19,

2008, his  conviction and sentence were affirmed and notice of judgment was mailed to

petitioner's appellate counsel.  *State of Louisiana v.  Anthony T. Scott*, 42,871 (La. App. 2 Cir.

12/19/2007), 973 So.2d 927.  Pursuant to Supreme Court Rule X, §5(a), petitioner had 30 days

following the Second Circuit's mailing of notice of judgment within which to petition the

Supreme Court for further direct review.[3]  However, according to the evidence submitted by

petitioner, he did not submit his pro se writ application to prison authorities for mailing to the

Supreme Court until January 22, 2008.[Doc. 9, pp. 33-34][4] Therefore, his judgment of conviction

"... became final by ... expiration of the time for seeking [further direct]  review..." under 28

U.S.C. §2244(d)(1)(A) when the 30-day period for seeking further direct review pursuant to

Louisiana Supreme Court Rule X, §5(a) expired, or, on or about January 23, 2008.  *See Butler v.*

---

     [3] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

     [4] The thirty day period prescribed by Rule X began on December 20, 2007 (the day following the mailing of notice of judgment) and expired at the close of business on January 18, 2008.

*Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("Louisiana Supreme Court Rule X, § 5(a) states that an

application 'to review a judgment of the court of appeal either after an appeal to that court ... or

after a denial of an application, shall be made within thirty days of the mailing of the notice of

the original judgment of the court of appeal.' Butler's time for seeking further review of his state

conviction expired when he did not within thirty days of the Louisiana Court of Appeal's June

24, 1998, decision, challenge that decision in the state Supreme Court.")[5]

Thereafter, petitioner  had one year, or until January 23, 2009, to file his federal *habeas*

*corpus* petition.  He filed an application for post-conviction relief on October 13, 2009 [Doc. 9,

pp. 49-54]; however, by the time he filed this application, the one-year period of limitation

established by the AEDPA had already expired, and, as noted above, any lapse of time <u>before</u> the

proper filing of an application for post-conviction relief in state court must be counted against the

one-year limitation period. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing

*Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998).  In short, the available evidence

---

[5] As noted above, petitioner was made aware of the requirements of Rule X and of the importance of filing within the deadline. Yet, it does not appear that petitioner either sought an extension of time from the Supreme Court, or permission to file an out-of-time writ application. *Compare Gilmore v. Baronne Development, LLC*, 2001-1104 (La. 5/4/2001), 791 So.2d  647; *see also Butler*, 533 F.3d at 319 ("Finally, there is no indication that the state court granted an extension or otherwise waived its own rule as to Butler. Butler did not even request an extension of time to file his late direct review application. He has not claimed that he received a letter from that court allowing a late filing such as did the defendant in *Hill v. Cooper*, 2007 WL 458207, No. 04-2588 (E.D.La.2007). We are not aware of any case in which the Louisiana Supreme Court *sua sponte* extended the amount of time in which to file under Rule X, § 5(a). *Contra Hughes*, 249 Fed.Appx. at 341 (Hughes requested and received an extension under § 5(b)); *McGee v. Cain*, 104 Fed.Appx. 989 (5th Cir.2004) (unpublished) (requested and did not receive an extension under § 5(a)); *Hill*, 2007 WL 458207 at *2 (requested and did receive an extension – unclear what basis). We conclude that the Louisiana Supreme Court found Butler's application for further review of his conviction to be untimely.")

establishes that petitioner's federal *habeas* petition is time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

### 2. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case.  It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.  Further, as previously noted, petitioner provides two factually different scenarios to excuse the late filing of his writ application on direct review.

In the untimely writ application filed on petitioner's behalf, prison inmate-counsel alleged that the court of appeals' decision and correspondence from petitioner's appellate counsel were

received on January 8, 2008, and presumably given to inmate-counsel shortly thereafter to prepare a response. Inmate-counsel claimed that the copy of the appeals court's decision was lost or destroyed during a shake-down of the law library; however, that fact did not prevent him from filing his application for *certiorari*. Indeed, inmate-counsel merely requested an opportunity to supplement the pleading once a replacement copy of the appellate decision was made available. [Doc. 9, p. 40] In other words, the loss or destruction of the Second Circuit's opinion on appeal was never an impediment to filing.

Petitioner now argues that he did not receive notice of judgment from his appellate counsel until January 20 [Doc. 9, pp. 2-3]; however, that claim is clearly without a basis in fact in light of the allegations made contemporaneously by inmate-counsel.

Nevertheless, this is a Report and Recommendation, and, as shown below, petitioner may object to this Report and he is encouraged to provide evidence and argument to support any claim of equitable or statutory tolling.

### 3. Conclusion and Recommendation

Therefore,

The June 6, 2012 Report recommending dismissal of the petition pursuant to FRCP Rule 41 is hereby **RESCINDED;** and,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court.  A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or

response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**[6]

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts, this court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of

appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28

U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District**

---

[6] **As noted above, petitioner is encouraged to file timely objections to this Report and to provide evidence in support of any claim he may have to establish that his petition is timely or, if untimely, that he is entitled to equitable tolling of the AEDPA's limitation period. SHOULD HE OBJECT, HE IS SPECIFICALLY DIRECTED TO PROVIDE EVIDENCE TO SUPPORT THE NOTION THAT HIS APPLICATION FOR** *CERTIORARI* **ON DIRECT APPEAL WAS EITHER TIMELY FILED, OR THAT HE WAS AFFORDED AN EXTENSION OF TIME WITHIN WHICH TO FILE BY THE LOUISIANA SUPREME COURT. HE IS ALSO ENCOURAGED TO PROVIDE SUCH EVIDENCE AS IS AVAILABLE TO ESTABLISH HIS ENTITLEMENT TO EQUITABLE TOLLING.**

**Judge at the time of filing.**

In Chambers, Monroe,  Louisiana, June 27, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE